Good morning, Your Honors, and may it please the Court, my client, former Deputy Sheriff Joel Streicher caused a terrible car accident that took the life of Ceaser Stinson. His distracted driving was without question a terrible mistake on his part. As he acknowledged as he pled, it was criminal negligence under Wisconsin law. But the question here though is not whether his actions were wrong. They were wrong. The issue is instead whether they did not. And even if they had, the right in question was not clearly established at the time of the accident in light of the specific facts and circumstances involved in this case. The District Court therefore erred in denying Deputy Streicher's summary judgment motion on qualified immunity grounds. The place to start in terms of the case law is Hill v. The Court held that a public official who causes a car accident in a non-emergency context does not violate substantive due process unless he or she acts with criminal recklessness or deliberate indifference. Negligence, gross negligence, is categorically not enough. According to Hill, an unintended loss of life resulting from a lack of due care does not violate substantive due process. According to Hill, criminal recklessness is not shown when a public official acts in the face of a recognizable but generic or general risk to the public at large. Instead, criminal recklessness is only shown when the official has knowledge that an accident is imminent and consciously and culpably refuses to prevent that accident. As the Court put it, in other words, when the official is willing to let the fatal collision occur. Anything less, the Court held in Hill, would convert Section 1983 into a body of general federal tort law. On the undisputed facts in this case, in fact the stipulated facts in this case, there was an agreed statement of criminal recklessness can be established here. What impact does the prior accident for running a red light have here in terms of his criminal recklessness? So our position would be none. And as a factual matter, I would refer the Court to, Your Honor, to the agreed statement of facts. What happened in that situation is that Deputy Stryker, former Deputy Stryker and another car were stopped at a light. The light changed and Deputy Stryker proceeded straight. When he was in a left turn only lane, those two cars then collided. So it wasn't a situation where he ran a red light. But irregardless of... But it was similar in that he was in a turn lane and went straight. From a stop, yes. And given Hill's admonition that awareness of a general risk created by violating the rules of road or even speeding, as was the case in Hill, that that is insufficient to establish criminal recklessness. The fact that he was aware, that is former Deputy Stryker, because he had a driver's license, we all know as drivers that we're not supposed to drive distracted, that he had prior training, and that he had been in a minor accident, that doesn't prove or establish any more knowledge than the knowledge of the generic or general risk of driving distracted and the bad things that might occur from that. And under Hill, that's insufficient. What the stipulated facts here show, at least as far as we have to concede for purposes of appeal, is that former Deputy Stryker was driving distracted. He doesn't recall what caused him to look away from the road. The estate has consistently argued that he must have been looking at his phone. Now, the stipulated facts here establish that he wasn't. There was a forensic review of the phone. It was not... No one was engaging with the phone for at least 22 seconds before the accident occurred. But even setting that aside, the most the facts show is that Deputy Stryker was distracted long enough to drive approximately 500 feet without seeing the light. But he was where he was supposed to be. He was returning to patrol. He was not speeding. He was, in fact, driving below the limit at the point when the accident occurred. And he was not drunk. He was not otherwise intoxicated or otherwise unfit to be His driving distracted creating a risk, but it was a generic or general risk to the public at large. It's no greater than the risk that was created in Hill where this court found that a deputy driving above the speed limit for no reason in the middle of the night without his headlights, emergency lights, or siren on, could not have acted with criminal recklessness. What my client did here was no worse than the deputy sheriff or police officer in Lisby decided just this past year where he was speeding at least twice the speed limit, crossed over, made a lane change illegally, and crossed over the fog line and struck a pedestrian. But he too, on those facts, could not have been engaged in criminal recklessness. There was no criminal recklessness here. At bottom, there's no evidence that Deputy Stryker knew that an accident was imminent and consciously chose to ignore that risk. As a result, no reasonable jury could have found or could find a substantive due process violation on his part. Even so, the right was not clearly established. At the time of this accident, January 2020, there is no controlling case that had found a public official liable for a motor vehicle accident based on substantive due process in this non-emergency context. Hill had set out a general standard that criminal recklessness, deliberate indifference applies, but this court and the Supreme Court have said over and over and over again that that sort of general standard is not sufficient to create a clearly established right. It has to be in the context of the specific facts and circumstances of the case. There's no an officer aware of the case law in this circuit would have known that conduct, that is the conduct in Hill, which arguably is more egregious than the conduct here, was not sufficient to violate the substantive due process clause. Finally, in qualified immunity, this is not the rare case like Hope v. Pelzer, if I've got the name of the case right, where the application of that general standard would be so clear and obvious, so patently obvious to every officer that you can say that the right was clearly established. The court needn't look no further than Hill or Lisby to understand that an officer knowing the case law in the circuit would not have understood that distracted driving as the former deputy striker engaged in was a constitutional violation. I would reserve the remainder of my time. Thank you. Mr. Thompson. Good morning. It is a pleasure to be back. I had honored as a clerk for Judge Coffey years ago, and it's ironic that the first time I'm back here, we're talking about a decision he wrote in 1996 that clearly articulated the standard for substantive due process claims such as this. Unequivocally, the court ruled that how do we decide this issue? We go to, it has to be criminal conduct, reckless criminal recklessness or deliberate indifference. I put every officer on notice in this circuit that conduct that got to the level of criminal recklessness established a substantive due process violation. But I'm getting ahead of myself. This court ruled in Taylor and through in its decisions on qualified immunity, where the district court determines that they're factual issues that relate both to the claim itself and to the, whether it's clearly established, this court does not have jurisdiction. Counsel did not touch on jurisdiction. This court was very clear that we should address jurisdiction in our briefs. And I encourage the court to read carefully the district court's decision. It was very specific. What are the relevant facts here, Mr. Thompson, that would preclude our jurisdiction? What are the relevant facts in dispute that would preclude our jurisdiction? The court was very clear in this sense. Counsel says the facts are stipulated to. Certain facts are stipulated to because they were admitted beyond a reasonable doubt as part of a criminal matter. That is crucial. If you noticed Hill, in Hill there was an acquittal on the criminal conduct. There's really, if I could cut to the chase here, there's no dispute of evidentiary fact here, and that's the Johnson versus Jones principle. And the Johnson versus Jones principle that bars our jurisdiction in qualified immunity appeals is extremely narrow and only applies when there are evidentiary facts in dispute that need resolution by a jury, like who did what and when. There is no such evidentiary dispute here. What we have is a dispute over whether the material facts, all undisputed in this case, amount to deliberate indifference. The judge said it could, and so I'm going to let a jury decide. I'm not going to address qualified immunity. That's an error. That's a qualified immunity decision that is reviewable, and it's based on a misapplication of the Hill standard that you are elevating to the law of the circuit, the deliberate indifference standard. There's lots and lots of cases both before and after Hill on what is necessary to establish a substantive due process violation, and that is criminal recklessness, the essentially intentional conduct. Absolutely. Since Hill, it's clearly established. If the record establishes that the material facts, all of which are undisputed, there's no evidentiary issue here, and if you don't make out any or don't support any inference of intentional conduct, then that's the end of the case at the first step of the qualified immunity analysis. To say nothing of the second step. Let me address that. Taylor specifically said this. This is one such case. There may be a set of facts establish a trial under which Garrett's use of force was not excessive or was not clearly established as excessive. The district court was very specific. There are disputes of fact in the inferences. The officer said he looked at his counsel. That's credibility. What we do know, he admitted beyond a reasonable doubt that before showing up at work, he had engaged in this salacious conversation. Right. What's relevant here is the 15 seconds that he wasn't looking at the road. That is stipulated. That's accepted. If he was looking at his phone or looking at his dashboard computer, it doesn't really matter. What matters is that he was not looking at the road for 15 seconds, blew the light, and caused the accident. That's all stipulated. The question is apply the legal standard of intentional deliberate indifference to that stipulated set of facts. Absolutely. We have an officer that is not engaged in law enforcement activities. That is what we are asserting as a fact. We are asserting he 1045. He reengages this discussion. Shortly thereafter, she responds. I'm not going to get into the details. He gets in the it unlocks. We know it unlocks. After the collision, we know what pops up is the conversation. Now, what the jury needs to decide is was it criminal recklessness for this officer to disregard everything in front of him for those 15 seconds? Right. If those facts do not permit that inference, then there can be no constitutional violation, the first step of the qualified immunity analysis. To say nothing of the second step, whether it was clearly established or not, that these facts, inattentiveness for 15 seconds, distracted driving for 15 seconds, constitutes intentional criminal recklessness. This is not a reasonable officer distracted looking at his counsel. Reasonableness is not the standard. Subjective intent. Absolutely. To the court addressed this in its motion on denying the judgment. It's as if he drove blindfolded for 15 seconds, four seconds of a yellow and 11.5 seconds of red for 550 feet, almost two football fields, like a missile. Now there is a video of the car as a missile. This is not mere distraction. He wasn't speeding and he wasn't blindfolded. He was distracted. We don't. That kind of question, that kind of hyperbole does not advance the legal question. I think the district court was absolutely correct on this. A jury can fundamentally decide that he wasn't legitimately distracted. He was acting with deliberate indifference. He knew he was about to cause an accident and caused it anyway, willfully. Any officer that drives as if blindfolded for 15 seconds. You can take away the blindfold analogy because that's not what we have here. He did not get in the car with a blindfold on and step on the gas pedal. That would be deliberate indifference. That's not what we have here. He was looking away from the road. He drove as he did. He did not tell us in his deposition. He could not account for the 15 seconds. He could not account for it. And I submit to you that that's why the district court correctly determined that this was a jury question of fact to account. How could he not do anything? That is criminal recklessness. That is deliberate indifference to everybody crossing in front of him at a jury. It's not an evidentiary dispute about the who, what, where, when, how. There is. No, it's about, that's a dispute about whether the evidence amounts to deliberate indifference, which is a different question. That's the legal question before the court on qualified immunity first step. With due respect, the jury is going to have to decide whether this conduct was criminally reckless. If they do, that meets the Hill standard that's been here since 19th. That's not how qualified immunity works. It does. Qualified immunity is not to protect the incompetent and those that are engaged in unlawful conduct. This is a convicted felon that disregarded the rights. My time is up. Thank you very much. Thank you. Mr. Jones, you had some time left. A couple of very brief points. Your Honor, Judge St. Eve asked counsel what material historical facts are in dispute. None were identified. None actually were identified by the district court in its opinion as well. As you said, Chief Judge Sykes, on a undisputed record, it becomes a question of law whether criminal recklessness was shown here. Second, the idea that qualified immunity comes down to whether or not a deputy striker was engaged in law enforcement activities. The estate can't have it both ways. It's stipulated that he was acting within the least in part by serving his employer, Milwaukee County. Second on that point, that's not the qualified immunity standard in the first instance. Third, the fact that Hill said that criminal recklessness or deliberate indifference is the applicable standard. Over and over and over again, the Supreme Court and this court have said that's not specific enough for qualified immunity. And the last point I would make is the district court said that driving towards an intersection without looking for 15 seconds, even at the speed limit, poses a similar risk of causing a collision as speeding through an intersection against a red light while looking at the road ahead. That's exactly what happened in Hill and this court said that couldn't be enough to constitute a substantive due process violation and it can't be here. Thank you. All right. Thank you very much. Our thanks to all counsel. The case is taken under advisement and that concludes our calendar for today. The court is in recess.